UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GRANT H. MONROE,

                              **Plaintiff,**

v.

                                                          24-CV-29 JLS(Sr)

UNIVERSITY OF PITTSBURGH
MEDICAL CENTER,

                              **Defendant .**

---

## DECISION AND ORDER

This matter was referred to the undersigned by the Hon. John L. Sinatra, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #24.

Plaintiff, Grant H. Monroe, filed this action *pro se,* alleging violations of the Emergency Medical Treatment and Labor Act ("EMTALA"), 42 U.S.C. § 1395dd, when he was brought to the Emergency Room for evaluation by law enforcement officers on August 9, 2023 and August 14, 2023. Dkt. #1. Plaintiff expresses an intent to amend his complaint to clarify that the hospital failed to meet its obligation to stabilize his emergency medical condition before discharging him and to add a claim of negligence regarding the hospital's evaluation of his mental health and use of psychotropic medication. Dkt. #47.

Currently before the Court is plaintiff's motion for appointment of counsel. Dkt. #28. In support of his motion, plaintiff advises the Court that he has experienced

difficulty obtaining his medical records and has no legal education or experience engaging in legal research. Dkt. #28. Plaintiff also notes that he is permanently disabled and has difficulty understanding legal procedures. Dkt. #28.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;
2. Whether the indigent is able to investigate the crucial facts concerning his claim;
3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;
4. Whether the legal issues involved are complex; and
5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "volunteer lawyer time is a precious commodity." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must not allocate *pro bono*

resources "arbitrarily, or on the basis of the aggressiveness and tenacity of the claimant," but should instead distribute this resource "with reference to public benefit." *Id.* Moreover, the Court must consider to the "likelihood of merit" of the underlying dispute. *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174. As a result, "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001).

This action is in its early stages, making it difficult to assess the merits of plaintiff's claim or the public benefit which could be achieved by the appointment of counsel. Moreover, plaintiff has demonstrated a capacity to clearly communicate the factual basis of his claims to the Court. Accordingly, plaintiff has not established that the appointment of counsel is warranted at this time under the factors set forth above. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

**SO ORDERED.**

DATED:    Buffalo, New York
              November 17, 2025

                        *s/ H. Kenneth Schroeder, Jr.*
                        **H. KENNETH SCHROEDER, JR.**
                        **United States Magistrate Judge**