**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**GRANT H. MONROE,**

                    **Plaintiff,**

v.                                                              **24-CV-29JLS(Sr)**

**UNIVERSITY OF PITTSBURGH**
**MEDICAL CENTER,**

                    **Defendant.**
_____

<u>**DECISION AND ORDER**</u>

This matter was referred to the undersigned by the Hon. John L. Sinatra, Jr., in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #24.

Plaintiff, proceeding *pro se*, filed a complaint alleging violations of the Emergency Medical Treatment and Labor Act ("EMTALA"), 42 U.S.C. §§ 1395dd, alleging that the attending staff at the University of Pittsburgh Medical Center Emergency Room in Jamestown, New York, failed to provide an appropriate medical screening examination and to stabilize his emergency medical condition. Dkt. ##1, 9, 15 & 16. Specifically, plaintiff alleges that he was brought to the emergency room by Jamestown Police on August 14, 2023 and escaped from the psychiatric ward before he was quickly apprehended and returned for observation, evaluation, treatment and care, including involuntary medication, before he was discharged, at which time he is alleged to have stolen several vehicles and caused property damage. Dkt. #1.

In its answer to the complaint, defendant denies operating an emergency room in Jamestown, New York and asserts as an affirmative defense that it did not operate a hospital or emergency room facility in Jamestown, New York. Dkt. #23, ¶¶ 4 & p.6.

Following issuance of a Case Management Order setting a deadline for plaintiff to file an amended complaint, plaintiff filed a motion for leave to file an amended complaint seeking to add a claim for common law medical negligence. Dkt. #44. Plaintiff alleges that the involuntary administration of psychotropic medication was an act of abuse and his subsequent discharge was premature and contributed to his current incarceration. Dkt. #44. Plaintiff filed a substantially similar motion for leave to file an amended complaint on September 29, 2025. Dkt. #47.

Defendant moved to dismiss the complaint on the ground that the University of Pittsburgh Medical Center has never owned or operated a hospital or emergency room in Jamestown, New York. Dkt. #49-12, ¶ 7. More specifically, the President and General Counsel of the UPMC Corporate & Captive Insurance Program declares that University of Pittsburgh Medical Center "is a fictitious name registered with the Pennsylvania Department of State, assumed by the non-profit corporation, UPMC, which is incorporated in Pennsylvania" and has never owned or operated a hospital or emergency room; owned leased or possessed any real estate or employed or contracted with any individuals to provide medical care to patients in Jamestown, New York. Dkt. #49-12, ¶¶ 9-10.

-2-

In opposition to the motion to dismiss, plaintiff reports that he was informed that legal complaints against U.P.M.C. Chautauqua should be filed at headquarters in Pittsburgh, Pennsylvania, which is where he requested medical records for his treatment on August 14, 2023. Dkt. #59. Plaintiff notes that he included an address in Jamestown, New York as an alternate address for service of his summons and complaint by the United States Marshals Service[1] and requests an opportunity to correct any error in service. Dkt. #59.

The Court denied defendant's motion to dismiss without prejudice to afford plaintiff the opportunity to file an amended pleading which complied with Rule 15(a) of the Federal Rules of Civil Procedure. Dkt. #51.

Currently before the Court is plaintiff's motion to compel (Dkt. #53); motion requesting medical records be entered into evidence (Dkt. #54); motion for leave to amend his complaint (Dkt. #55); motion for an extension of time to respond to the motion to dismiss and amend his complaint (Dkt. #57), and motion for an extension of time to effect proper service of his complaint. Dkt. #58.

Rule 21 of the Federal Rules of Civil Procedure provides that "the court may at any time, on just terms, add or drop a party."  In deciding whether to do so, the

---

[1] The forms submitted by plaintiff for service by the United States Marshals Service request service of the Summons and Complaint upon the University of Pittsburgh Medical Center at 200 Lothrop Street, Pittsburgh, PA 15213 and includes an alternate address for the University of Pittsburgh Medical Center at 207 Foote Avenue, Jamestown, NY 14701. Dkt. #22.

Court applies the same analysis as required under Rule 15. *Johnson v. Bryson*, 851 F. Supp.2d 688, 703 (S.D.N.Y. 2012); *See Soler v. G&U, Inc*., 86 F.R.D. 524, (S.D.N.Y. 1980) ("same standard of liberality afforded to motions to amend pleadings under Rule 15" is applied under Rule 21).

Fed. R. Civ. P. 15(a) provides that a party may amend a pleading by leave of court or by written consent of the adverse party. Leave to amend is to be "freely granted" unless the party seeking leave has acted in bad faith, there has been an undue delay in seeking leave, there will be unfair prejudice to the opposing party if leave is granted, or the proposed amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *State Teachers Retirement Bd. v. Fluor Corp*., 654 F.2d 843, 856 (2d Cir. 1981); Fed. R. Civ. P.15(a). An amendment is futile if it cannot survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Parker v. Columbia Pictures Indus*., 204 F.3d 326, 339 (2d Cir. 2000).

To survive a motion to dismiss pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

As an initial matter, it appears possible that plaintiff has not correctly identified the corporation responsible for providing care and treatment to him on August 14, 2023. While plaintiff's medical records (Dkt. #54), denote "University of Pittsburgh Medical Center," the "UPMC Discharge Clinical Summary" is provided under the auspices of "UPMC Chautauqua." The Court notes that the public website indicates that UPMC, located at 200 Lothrop Street, Pittsburgh, PA 15213, operates 40 hospitals, including UPMC Chautauqua, located at 207 Foote Ave., Jamestown, NY 14701. Accordingly, plaintiff is granted leave to add UPMC Chautauqua as a defendant in this action.

"Under New York law, the requisite elements of proof in a medical malpractice action are (1) a deviation or departure from accepted practice, and (2) evidence that such departure was a proximate cause of injury or damage." *Brown v. County of Jefferson*, 20-CV-1192, 2021 WL 2941919, at *3 (N.D.N.Y. 2021). "Accordingly, in order to state a claim for medical malpractice, a plaintiff must specify the injuries he suffered and allege sufficient facts to demonstrate how his injuries were caused by a deviation from the standard of care." *Id.* While a hospital is generally liable for the negligence or malpractice of its employees, it may not be liable when the treatment is provided by an independent physician. *Hill v. St. Clare's Hosp.*, 67 N.Y.2d 72, 79 (1986). Thus, to the extent that plaintiff requests that certain medical providers be included (Dkt. #53), he may also add them as defendants in his proposed amended complaint so long as he can allege the requisite factual allegations to support a plausible medical malpractice claim against them.

As the Court previously advised plaintiff, Rule 15(a) of the Local Rules of Civil Procedure provides that a plaintiff seeking to amend his complaint must attach an unsigned copy of the proposed amended pleading as an exhibit to the motion. Furthermore, the proposed amended pleading must be a complete pleading superseding and replacing the original pleading in all respects. No portion of the original pleading or any allegations set forth in prior motions will be incorporated into the amended pleading by reference. In other words, plaintiff is required to file a proposed amended complaint that identifies every defendant and sets forth all of his claims and the factual allegations that support such claims within the amended complaint. Plaintiff shall file his motion to amend the complaint no later than **February 13, 2026.** Given that plaintiff will be moving to amend his complaint, his request for an exention of time to oppose defendant's motion to dismiss (Dkt. #57), is denied as moot.

Any opposition to plaintiff's motion to amend shall be filed no later than **February 27, 2026.** Defendant shall also advise whether it will accept service on behalf of any proposed defendants or whether plaintiff will need to request service of any additional defendants by the United States Marshals Service. In the interim, plaintiff's motion for an extension of time to effect service (Dkt. #58), is granted.

Plaintiff's motion to compel discovery (Dkt. #53), is denied without prejudice pending resolution of plaintiff's motion to amend his complaint. The Court notes that any future motion to compel must be accompanied by an affidavit indicating that plaintiff has requested the information at issue from the defendant and has

-6-

attempted to resolve any dispute regarding the requested discovery with defense counsel before seeking assistance from the Court.

Plaintiff's motion requesting that medical records be entered as evidence (Dkt. #54), is denied as premature.

**SO ORDERED.**

DATED:       Buffalo, New York
             January 6, 2026

                               s/ H. Kenneth Schroeder, Jr.
                               **H. KENNETH SCHROEDER, JR.**
                               **United States Magistrate Judge**